900 F.2d 251
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re FIRST AMERICAN MORTGAGE COMPANY, INC; First American
Mortgage Company of New Jersey, Inc., et al, Debtors.
David B. STRATTON, Trustee, Plaintiff-Appellant,
v.
Cleaveland D. MILLER; Herman B. Rosenthal; Thomas B.
Hudson; Semmes, Bowen & Semmes, Defendants-Appellees.
 No. 89-2119.
 United States Court of Appeals, Fourth Circuit.
 ARGUED Jan. 8, 1990.
Decided March 8, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Chief District Judge. (CA-89-751-H).
 Gregory A. Inskip, Potter, Anderson & Corroon, Wilmington, Del., for appellant.
 Michael S. Sundermeyer, Williams & Connolly, Washington, D.C., for appellees.
 David J. Baldwin, Stephen C. Norman, Potter, Anderson & Corroon, Wilmington, Del., David Freishtat, Paul Mark Sandler, Raymond D. Burke, Freishtat & Sandler, Baltimore, Md., for appellant.
 Brendan V. Sullivan, Jr., Evan J. Roth, Williams & Connolly, Washington, D.C., for appellees.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 David B. Stratton, Trustee in bankruptcy for First American Mortgage Company, Inc. (FAMCO) and its subsidiaries, appeals the grant of a motion to dismiss, treated as a motion for summary judgment, in favor of appellees, attorneys Cleaveland D. Miller, Herman B. Rosenthal, Thomas B. Hudson and the law firm of Semmes, Bowen & Semmes. The Trustee seeks recovery for negligence, breach of contract, and aiding and abetting common law fraud. This is one of a number of civil cases filed in connection with the fraudulent activities of Michael H. Clott, which led to the bankruptcy of FAMCO and to Clott's imprisonment for criminal fraud and racketeering.
 
 
 2
 Appellant contends that the district court erred in holding, as a matter of law, that FAMCO was contributorily negligent and that appellees' negligence was not the cause of FAMCO's losses, in converting the motion to dismiss into a motion for summary judgment, and in holding that appellant had not stated a claim for aiding and abetting common law fraud under Maryland law. We have reviewed the briefs submitted by the parties, heard oral argument and satisfied ourselves as to the facts of the case and the applicable law. We affirm the judgment on the opinion of the district court. We agree with the court's conclusion that its decision in Stratton v. Sacks, Civil No. H-88-614, is controlling as to the counts of negligence and breach of contract. In Sacks, the court concluded, as a matter of law, that FAMCO's Trustee in bankruptcy was barred by the contributory negligence of FAMCO, through its officers, from recovering damages against the outside accountants and that the fraudulent activities of Clott, rather than any negligence of the accountants, was the proximate cause of FAMCO's losses. Appellant is similarly barred here from recovering damages from appellees. The district court properly considered materials outside of the record and treated this motion as one for summary judgment because defendants' motion relied on pleadings and findings from related litigation and because plaintiff had ample opportunity to request discovery before oral argument. We further agree that appellant has not stated a claim for participation in common law fraud under Maryland law because he did not allege that appellees willfully took part in the fraudulent acts perpetrated by Clott and other officers of FAMCO.
 
 
 3
 The judgment of the district court is therefore
 
 
 4
 AFFIRMED.